UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| COMMERCE WEST INSURANCE COMPANY , <br><br> Plaintiff, <br><br> v. <br><br> MARY ROLAND, <br><br> Defendant. | CASE NO. C24-5709 BHS <br><br> ORDER |

THIS MATTER is before the Court on (1) plaintiff Commerce West Insurance Company's second motion for summary judgment, Dkt. 47; (2) Commerce West's motion to exclude Defendant Mary Roland's surreply and declarations, Dkt. 60; and (3) Commerce West's response to its motion to strike, noted as a motion, Dkt. 61, informing the Court that Roland did not timely respond to its motion to strike. Roland has since so responded. Dkt. 62.

The Court described the facts and issues in its prior Order, Dkt. 39, denying Commerce West's first summary judgment motion, Dkt. 14. Commerce West's first motion argued that the February 2024 water loss at Roland's Spanaway home was caused

ORDER - 1

by a frozen shower mixing valve, in turn caused by Roland's failure to take reasonable steps to ensure that her home was heated, as a matter of law. It relied on its expert's, EFI Global, "unrebutted" investigation and report, concluding that "the months of December 2023 and January 2024 required the home to be heated given weather conditions, but in reviewing utility bills, EFI concluded no gas was used nor was any other alternative heating source used during the period of time Ms. Roland was absent from the home." Dkt. 14 at 4 (citing EFI Global's June 3, 2024 Report, Dkt. 15-3).

The Court denied the motion because there were questions of fact about the cause of the loss and the reasonableness of the insured's efforts to avoid it: "The cause of the leak and the reasonableness of Roland's conduct will be decided by the jury." Dkt. 39 at 9.

Commerce West's renewed motion reiterates its view that "the water damage resulted from a shower mixing valve which froze due to a lack of adequate heating in the Property." Dkt. 47 at 5 (citing EFI Global's prior expert report, discussed above, and its new, July 3, 2025 Report, Dkt. 49-2). Commerce West again contends that Roland's home used "zero therms" of natural gas in 2023. Dkt. 47 at 7. It contends that the gas only came on when the frozen mixing valve broke in January 2024, causing the on-demand water heater to sense the flow and use gas to heat the water. *Id*. (citing EFI Global's second expert report, Dkt. 49-2). The Court already denied Commerce West's motion on this basis, Dkt. 39, and it will not revisit that determination.

1   Based on these same factual allegations, Commerce West now seeks summary
2   judgment on a new, unpled coverage defense: that Roland *lied*[1] in her July 29, 2024,
3   Examination Under Oath (EUO) and in her February 4, 2025, Supplemental Declaration,
4   Dkt. 32, when she said she kept the house at about 70 degrees. Dkt. 47 at 12–15 (citing
5   *Onyon v. Truck Insurance Exchange*, 859 F. Supp 1338 (1994)). It argues that Roland's
6   material misrepresentations about her efforts to heat her home void the entire policy as a
7   matter of law. *Id*.

8   Since Commerce West's first motion, Roland has hired her own expert, Kent
9   Engineering (or KEAD). Her response to Commerce West's motion relies on KEAD's
10  opinion that the mixing valve was not damaged or cracked by freezing, but by torsional
11  forces caused by leaning or excessive turning force, or when it was forcefully removed
12  after the incident. Dkt. 52 at 3 (citing Dkt. 54-2). She emphasizes that the Court already
13  held that the cause of the damage is a question of fact. *Id*. at 4. She also argues that
14  Commerce West has not established as a matter of law that she intended to materially
15  misrepresent anything, and that whether she did is a question of fact. She reiterates that
16  the reasonableness of her efforts under all the circumstances is a question of fact.

17  The Court agrees. The cause of the water damage remains a question of fact for
18  trial, as does the reasonableness of Roland's conduct. Commerce West's new argument—

---

[1] Commerce West's complaint, Dkt. 1, does not plead this coverage defense, and is not properly before the Court even if it were viable.

The Court also notes that Commerce West's prior summary judgment motion relied on the assertion that "in her Examination Under Oath, Ms. Roland was unaware what she had set the thermostat to." Dkt. 14 at 3. This assertion is inconsistent with the current claim that Roland's EUO instead contained a material misrepresentation voiding her policy as a matter of law.

that Roland's policy is void as a matter of law because she made material misrepresentations to it following the loss—raises new factual and procedural questions. Commerce West has not established as a matter of law that Roland materially misrepresented those efforts, even if it turns out that she was wrong or mistaken about what she did. Commerce West has not established as a matter of law that Roland intended to deceive it. Commerce West's second motion for summary judgment, Dkt. 47, is **DENIED.**

Commerce West's motions to strike Roland's response as untimely, her surreply as improper, and KEAD's evidence as unreliable, Dkt. 60, are **DENIED**. The reliability of KEAD's opinions may be addressed in a *Daubert* motion or a motion in limine. The gavel at Dkt. 61 is **TERMINATED** as that filing is not a motion.

**IT IS SO ORDERED**.

Dated this 13th day of November, 2025.

					BENJAMIN H. SETTLE
					United States District Judge